NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 5, 2013
Decided April 10, 2013[*]

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3271

| | |
|---|---|
| GILBERT B. GALINATO, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 10 C 3376 |
| SHAUN DONOVAN, | |
| Secretary of Housing and Urban | Sharon Johnson Coleman, |
| Development, | *Judge.* |
|     *Defendant-Appellee.* | |

**O R D E R**

Gilbert Galinato appeals the grant of summary judgment in favor of his employer, the Department of Housing and Urban Development (HUD), in this suit claiming discrimination based on his race, national origin, age, and disability, as well as retaliation

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

for complaining about discrimination. Because Galinato failed to produce sufficient evidence to support his claims, we affirm.

We recount the facts in the light most favorable to Galinato. See *Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012). Galinato, a Filipino man who suffers from seizures, began working at HUD in 1990 (he was then 51 years old) as a single-family loan assistant, a GS-5 position. That year the department hired another man, Steven Di Pietro (a white, Italian-American, according to Galinato) also as a GS-5 single-family loan assistant. Between 1992 and 2000, Di Pietro was promoted more quickly than Galinato. For example, in 1992 Di Pietro was promoted to GS-9 while Galinato remained a GS-7 employee; Galinato was not promoted to GS-9 until 1994.

In 2007, frustrated that he had not yet become a GS-13 employee like Di Pietro, Galinato consulted an Equal Employment Opportunity Commission counselor and ultimately filed a complaint of discrimination alleging that HUD delayed his promotions because of discrimination and retaliation. While his claims were pending before the E.E.O.C., Galinato was placed on enforced leave, according to HUD, because a psychiatrist opined—based on comments he made in his E.E.O.C. affidavit to the effect that HUD's alleged acts of discrimination would result in murder, brawls, suicide, and death—that he might pose a threat to workplace safety, and because Galinato exacerbated these concerns by later characterizing as "justified" the recent shooting of a federal judge's family. Galinato returned to work about three months later but claimed that HUD had placed him on enforced leave in retaliation for complaining about discrimination. After the E.E.O.C. denied Galinato's complaints, he filed suit in the district court alleging discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA), see 29 U.S.C. § 633a(a), Title VII of Civil Rights Act of 1964, see 42 U.S.C. §§ 2000e-2, 2000e-3, and the Rehabilitation Act, see 29 U.S.C. §§ 791, 794.

The district court granted summary judgment for HUD. The court concluded first that Galinato's claims based on his delayed promotions between 1992 and 2000 were untimely because he had not consulted an E.E.O.C. counselor within the 45-day period prescribed in 29 C.F.R. § 1614.105(a)(1). In reaching this conclusion, the district court determined that these claims were not subject to the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111–2, §§ 3–5, 123 Stat. 5 (codified at 42 U.S.C. § 2000e–5(e)(3)(A); 29 U.S.C. §§ 626(d)(3), 794a(a)(2)), which provides that the statute of limitations for claims under Title VII, the ADEA, and the Rehabilitation Act begins to run each time an employee receives a paycheck resulting from a discriminatory "compensation decision or other practice." Because HUD's alleged failure to promote Galinato was not a compensation decision or other practice under the Ledbetter Act, the court determined that the Act did not revive his untimely claims. Even if Galinato's claims were timely, the district court added, he could

not establish a *prima facie* case of discrimination or retaliation because he could not show that he and Di Pietro were similarly situated. The district court also rejected Galinato's retaliation claim based on HUD's decision to place him on enforced leave because he had not identified any similarly situated employees who made threatening comments and were treated more favorably; in any event he did not show that the department's proffered reason for placing him on enforced leave—to ensure workplace safety—was pretextual.

On appeal Galinato generally asserts that the district court erred by concluding that the Ledbetter Act does not apply to his claims based on HUD's decisions not to promote him between 1992 and 2000. But the three other circuits to address the issue have concluded that a promotion is not a compensation decision or other practice under the Act. See *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 630–31 (10th Cir. 2012); *Noel v. Boeing Co.*, 622 F.3d 266, 273 (3d Cir. 2010); *Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 375 (D.C. Cir. 2010). We need not reach the issue here, however, because even if the Act applied and revived his untimely claims, Galinato would still lose on the merits. He cannot show, for instance, that HUD's decisions not to promote him were even discriminatory or retaliatory. He proceeds under the indirect method but, as the district court correctly concluded, has not produced evidence that any similarly situated coworker was treated more favorably. See *Weber v. Universities Research Ass'n, Inc.*, 621 F.3d 589, 592–93 (7th Cir. 2010). The only evidence he presented of a similarly situated coworker was a single statement in his declaration: "Steven Di Pietro was hired at the same time as I, and held the same position," but that generalized statement does not allow for a "meaningful comparison" between the two men. See *Harper v. C.R. England, Inc.*, 687 F.3d 297, 309–10 (7th Cir. 2012) (internal citation and quotation marks omitted); *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 690 (7th Cir. 2008).

Galinato also generally disagrees with the district court's rejection of his claim that HUD retaliated against him for his 2007 complaints of discrimination. But he does not develop any arguments about why the district court erred or try to establish a *prima facie* case of retaliation under either the direct or the indirect method. Although we liberally construe pro se submissions, Federal Rule of Appellate Procedure 28(a)(9) requires that all appellate briefs, even those from a nonlawyer, include "more than a generalized assertion of error." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

AFFIRMED.